UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00113-RJC

| | |
|---|---|
| WILLIARD DIETRICH BRADLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Defendant's Motion for Extension of Time to Answer Complaint, (DE 9); Defendant's Motion for Second Extension of Time to Answer Complaint, (DE 10); and the Parties' Cross Motions for Summary Judgment. (DEs 13, 15).

Having fully considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence and **AFFIRMS** the decision. Accordingly, the Court **DENIES** Plaintiff's Motion for Summary Judgment and **GRANTS** Defendant's Motion for Summary Judgment.

### I. BACKGROUND

Plaintiff Willard Dietrich Bradley ("Bradley") seeks judicial review of the Commissioner of Social Security's ("Defendant" or "Commissioner") denial of his social security claim.

In denying Bradley's social security claim, the ALJ conducted a five-step sequential evaluation. (Tr.[1] 56–79). At step one, the ALJ found that Bradley had not engaged in substantial gainful activity since the alleged onset date. *Id.* at 58. At step two, the ALJ found that Bradley

---
[1] Citations to "Tr." throughout the order refer to the administrative record at DE 12.

had the following combination of severe impairments: status-post brain tumor removal; seizures; psoriatic arthritis, including the knees, lower back, hands, and shoulders; depression; anxiety; personality disorder; alcohol use disorder; and obesity. *Id.* The ALJ also found Bradley's alleged breathing and visual problems to be non-severe. *Id.* At step three, the ALJ found that none of the impairments, or combinations of impairments, met or equaled one of the conditions listed in 20 C.F.R. §404, Subpt. P, App. 1. *Id.* at 59. Before moving to step four, the ALJ found that Bradley had the residual functional capacity ("RFC") to perform light work as explained below:

> [T]he claimant has the residual functional capacity to perform light work . . . except the claimant could never climb ladders/ropes/scaffolds, but can occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. He can frequently handle and finger. He can have no exposure to workplace hazards. He is limited to simple, routine tasks performed two-hours at a time.

*Id.* at 63. At step four, the ALJ found that Bradley could not perform any past relevant work, but found at step five that Bradley could perform jobs that existed in significant numbers in the national economy, such as an electronics worker, inspector and hand packager, and laundry worker. *Id.* at 78–79.

After exhausting his administrative remedies, Bradley brought the instant action for review of Defendant's decision denying his application for disability insurance benefits under Title II, of the Social Security Act. (DE 1). Bradley argues that the ALJ erred by (1) failing to explain why certain limitations from the Agency psychologists' opinions were not included in the RFC and (2) that one of the three jobs identified by the vocational expert conflicted with the RFC. (DE 14). In response, Defendant argues that the ALJ's decision was proper. (DE 16).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the

2

Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" as:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at 1456 (4th Cir. 1990); *see also Smith v. Schweiker*, 795 F.2d at 345; *and Blalock v. Richardson*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

3

## A.  Failure to Include Certain Limitations from Agency Psychologists' Opinions

Bradley argues that substantial evidence does not support the ALJ's RFC decision as the ALJ gave great weight to the opinion evidence of Agency psychologists but failed to explain why the limitations to short/one-to-three step instructions and nonproduction centered pace were not included in the RFC. (DE 14 at 13–14). Bradley thus argues that the ALJ did not build a logical bridge because the ALJ failed to explain why certain pieces of the Agency psychologists' opinion were not included as limitations in the RFC. While Bradley is correct that the ALJ must build a logical bridge from the evidence to her conclusion, the evidence shows that this is exactly what the ALJ did.

The ALJ summarized the Agency psychologists' opinions, which found Bradley's mental conditions would allow him "to understand and remember simple 1-3 step instructions" and that he could "carry out simple tasks at a nonproduction centered pace." (Tr. 65). The ALJ also noted the Agency psychologists' opinions that Bradley "is capable of simple, routine, repetitive tasks." *Id.* The ALJ then explained that he gave "great weight to the findings of the . . . DDS psychologists who have generally indicated that the claimant could perform simple, routine tasks." *Id.* at 73. However, the ALJ explained that while she gave the Agency psychologists' opinions great weight she "did not simply adopt[] their proposed findings" because they did not treat or have a relationship with Bradley, did not review the entire record, and did not question Bradley under oath. *Id.*

The ALJ decided not to include all the limitations from the Agency psychologists' opinions, and explained how the "record as a whole does not indicate the need for additional restrictions in the residual functional capacity, including those related to . . . mental demands, such as . . . concentration, persistence, [or] pace." *Id.* at 77–78. The ALJ then explained this was

4

because the medical evidence is not fully substantiated by the record as a whole which shows that Bradley "did not remark that he has problems with . . . completing tasks, concentration, understanding, [or] following instructions." *Id.* The ALJ also noted that the record shows Bradley "is able to handle personal care activities without reminders, prepare simple meals, help with house and yard work, as limited by pain, go outside at least once per day, drive a car, ride in a car, go out alone sometimes, shop in stores, pay bills, count change, and handle a savings account, hunt and fish, . . . and follow instructions if they are explained." *Id.*

The law is clear that the ALJ alone is responsible for assessing a claimant's RFC, 20 C.F.R. §§ 404.1546(c) & 416.946(c), and that the ALJ is not required to adopt a medical opinion in its entirety when determining the RFC. *See, e.g.*, *Trimmer v. Astrue*, No. 3:10-CV-639, 2011 WL 4589998, at *6 (E.D. Va. Sept. 7, 2011), report and recommendation adopted, 2011 WL 4574365 (E.D. Va. Sept. 30, 2011). Here, the ALJ explained that she gave great weight to the Agency psychologists' general opinion that Bradley could perform simple, routine tasks, which she included in the RFC. The ALJ did not include limitations for short/one-to-three step instructions and nonproduction centered pace and explained this was because the record as a whole, including Bradley's statements, showed that no additional limitations related to mental demands like concentration, persistence, or pace were needed. The ALJ thus built a "logical bridge from the evidence to [her] conclusion" and her RFC decision is supported by substantial evidence. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)).

B. **One of Three Listed Jobs Conflicts with RFC**

Bradley next argues that the ALJ's step five analysis lacks substantial evidence because the laundry worker position identified as a potential job in the national economy requires constant handling, which conflicts with the ALJ's RFC limitation of frequent handling. (DE 14 at 16).

5

Defendant argues that the DOT description of this job requires no more than occasional fingering, not constant handling.

Regardless of the amount of fingering or handling involved as a laundry worker, if the position is in conflict with the RFC, such error is harmless. In addition to laundry worker, the ALJ listed other jobs that exist in significant numbers in the national economy that Bradley could perform such as an electronics worker (41,000 jobs nationally) and inspector and hand packager (337,000 jobs nationally), neither of which Bradley contends require constant handling in contravention of the RFC. As the Fourth Circuit articulated, a showing of prejudice is required to show an error is not harmless. *Camp v. Massanari*, 22 Fed. App'x 311 (4th Cir. 2001). And Bradley has failed to show any prejudice that would lead to a different result in this case. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009); *Smith v. Colvin*, No. 1:12-CV-00285-MOC, 2014 WL 1203282, at *7 (W.D.N.C. Mar. 24, 2014) (explaining that error was harmless where "remand would not lead to a different result").

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motions for Extensions of Time to Answer Complaint, (DEs 9–10), are **GRANTED**;

2. Plaintiff's Motion for Summary Judgment, (DE 13), is **DENIED**;

3. Defendant's Motion for Summary Judgment, (DE 15), is **GRANTED**; and

4. Defendant's decision to deny Plaintiff Social Security benefits is **AFFIRMED**.

The Clerk is directed to close this case.

**SO ORDERED.**

Signed: February 8, 2022

Robert J. Conrad, Jr.
United States District Judge